IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DAVID MONROE HANCOCK, et al.,** )  )  | |
| **Plaintiffs,** ) ) | |
| v. ) ) | **CIVIL ACTION NO. 06-0372-CG-C** |
| **PERRY COUNTY COMMISSION, et al.,** ) ) | |
| **Defendants.** ) | |

## ORDER

This matter is before the court on the amended motion to dismiss and brief in support of Perry County Commission(Docs. 23, 24) and the amended motion to dismiss and brief in support of Sheriff James Hood, Frank Sykes, Roy Fikes, and Rev. Bobby Sanders(Docs. 25, 26). Both amended motions to dismiss were filed with this court on October 2, 2006. On October 5, 2006, the court ordered any party opposing these motions to respond within 10 working days of receipt of the motions. (Doc. 27). Plaintiffs failed to respond to the motions. The court, treating plaintiffs' non-response as an oversight, granted plaintiffs leave to file responses to the motions on or before October 30, 2006. (Doc. 30). The court also advised plaintiffs that failure to file timely responses will be construed as plaintiffs' abandonment of their claims and result in plaintiffs' claims against these defendants being dismissed. (Doc. 30).

On November 1, 2006, plaintiff moved for extension of time to respond to the motion to dismiss by defendant, Perry County Commission. (Doc. 31). This court granted plaintiffs' motion and extended the deadline to November 22, 2006, again warning that failure to respond will result in dismissal of plaintiffs' lawsuit. (Doc. 32).[1] To date, the court has received no response.

---

[1] The court notes that defendant, Warden W.W. Bateman, did not move for dismissal. However, Bateman was only named in the complaint in his official capacity as the warden of a private prison owned by defendant, Perry County Commission. (Amended Complaint, ¶ 13).

Therefore, the court construes plaintiffs' failure to respond as an abandonment of their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides for involuntary dismissal for "failure of the plaintiff to prosecute or to comply with these rules or any order of court." Unless otherwise specified, a dismissal under this subdivision "operates as an adjudication upon the merits." FED. R. CIV. 41(b)

Accordingly, this case is hereby **DISMISSED with prejudice** pursuant to FED. R. CIV. 41(b) for failure to prosecute and to comply with this court's orders.

**DONE and ORDERED** this 8th day of December, 2006.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE